UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUSSELL BRYANT,

                    Plaintiff,
                                              08-CV-6215
          v.
                                              **DECISION**
DELPHI AUTOMOTIVE SYSTEMS CORP.,              **and ORDER**

                    Defendant.
_____

## **INTRODUCTION**

Plaintiff Russel Bryant ("plaintiff"), proceeding pro se brings this action pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000(e) et seq. against Delphi Automotive Systems Corp. ("Delphi" and/or "defendant") claiming that he was discriminated against by Delphi on the basis of his sex. Specifically, plaintiff claims that Delphi intentionally discriminated against him when he was terminated based upon allegations of two female employees who claimed that he had touched/hit them.

On June 10, 2008, plaintiff's motion to proceed in forma pauperis was granted. The June 10,2008 Order also directed the United States Marshal to serve copies of the Summons and Complaint upon the named defendant. While not named in the Complaint, plaintiff listed the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW" and or the "Union") as well as Delphi in the Summons. Accordingly, a Summouns was served on the UAW. By motion dated October 2, 2008,

the UAW moved to dismiss the Complaint for <u>inter</u> <u>alia</u>, plaintiff's failure to exhaust his administrative remedies.[1] Plaintiff has not opposed the UAW's motion.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's <u>pro</u> <u>se</u> Complaint, including documents attached thereto. Plaintiff was an employee of Delphi in Lockport, New York.[2] While it is difficult to discern specifically the claim made in plaintiff's <u>pro</u> <u>se</u> Complaint, read liberally, plaintiff complains that Delphi discriminated against him by terminating him based on allegations of two female employees that he had touched and/or hit them.

Plaintiff filed a charge with the NYSDHR against Delphi after he was fired alleging that he had been discriminated against and terminated on or about May 21, 2007. In addition, plaintiff claims that the NYSDHR issued a decision which, plaintiff has not attached to the Complaint. On April 17, 2008, the EEOC adopted the findings of the NYSDHR and issued a right to sue letter. It appears from the face of the right to sue letter that the only respondent in that administrative action was Delphi and does not identify the UAW as

---

[1]Specifically, the Union moves on the following grounds: (1) Plaintiff has not filed a charge against the UAW with the New York State Division of Human Rights ("NYSDHR") or the Equal Employment Opportunity Commission ("EEOC"); and (2) he has not obtained a right to sue letter against the UAW or otherwise exhausted his administrative remedies.

[2]Plaintiff is also a member of the UAW as that term is defined in 29 U.S.C. §152(5).

a party. The Union contends that plaintiff did not name the UAW in his complaint of discrimination filed with the NYSDHR or the EEOC. Indeed, the UAW was never made aware of proceedings before the NYSDHR and the EEOC and did not participate in such proceedings.

## DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).[3] In addition, "[i]t is well-established that when [a] plaintiff proceeds pro se...a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." See Hemphill v. New York, 380 F.3d 680,

---

[3] See also Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974) ("at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'")

687 (2d Cir.2004) (citation omitted). For purposes of a motion to dismiss, the court will deem the complaint to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." See <u>Rothman v. Gregor</u>, 220 F.3d 81, 88 (2d Cir.2000).

The UAW claims that the Complaint should be dismissed because the plaintiff failed to comply with the procedural requirements of Title VII. Because I find that plaintiff failed to file an administrative complaint against the UAW, I grant the UAW's motion to dismiss.

Before bringing an action pursuant to Title VII claim in federal court, a plaintiff must first exhaust available administrative remedies by filing a timely complaint with the EEOC or an authorized state agency. See <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 54 (2d Cir.2006). This precondition is "an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." See <u>Francis v. City of New York</u>, 235 F.3d 763, 768 (2d Cir.2000) (citation omitted). "The charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." See <u>Vital v. Interfaith Med. Ctr.</u>, 168 F.3d 615, 619 (2d Cir.1999) (citation omitted). Accordingly, as a general matter, where a plaintiff has failed to name a defendant as a respondent in an

administrative action, the plaintiff may not maintain charges in federal court against that defendant.[4] See <u>Valenzuela v. Riverbay Corp.</u>, 2007 WL 414487 (S.D.N.Y.2007).

Courts have recognized that some exceptions to this rule exist, specifically when the proposed defendant shares an identity of interest with the respondent to the administrative action such that it can be deemed to have had notice of the action and an opportunity to respond. See <u>Romain v. Kurek</u>, 772 F.2d 281 (6th Cir. 1985). The Second Circuit, however, has recognized that labor unions and employers do not have an identity of interest such that it could be deemed that a labor union had notice of an administrative complaint filed against an employer. See <u>Vital</u>, 168 F.3d at 619-620 (Under a limited exception to this rule, a Title VII action may "proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge") (citation omitted); <u>see also</u> <u>Saidin v. New York City Dept. of Educ.</u>, 498 F.Supp.2d 683, 688 (S.D.N.Y.2007); <u>Schaefer v. Erie County Dept. of Soc. Servs.</u>, 82 F.Supp.2d 114, 116 (W.D.N.Y.2000) (Court found plaintiff failed to file an administrative complaint against union, and EEOC did not mention the union in its Determination and Notice of Right to Sue).

In <u>Vital</u>, the Second Circuit affirmed a District Court's

_____

[4]Once the plaintiff has filed a charge with the EEOC or state agency, he must then obtain a right-to-sue letter from the EEOC. Where such a letter has been obtained, plaintiff's right to sue is limited to the respondent named in the charge. <u>See</u> Vital, 168 F.3d at 619 (describing 42 U.S.C. § 2000e-5(f)(1) as "limiting aggrieved party's right to sue to the respondent named in the charge").

dismissal of a Title VII claim against a labor union where the plaintiff had named only the employer in the underlying administrative action. <u>See</u> <u>Vital</u>, 168 F.3d at 620. The facts in this case are identical: plaintiff filed an administrative claim with the NYSDHR against his former employer (Delphi) but the UAW was not named as a respondent, and never participated in the administrative proceeding in any manner. Further, the UAW was not named in the right to sue letter from the EEOC. Plaintiff's failure to name the Union is not excusable under the "identity of interests" exception. As in <u>Vital</u>, <u>id.</u> at 620, the interests between the employer and union are sufficiently dissimilar as to require dismissal of all claims against the Union. Because the plaintiff was required under Title VII to file an administrative claim against the UAW prior to bringing this federal action, I grant the UAW's motion to dismiss plaintiff's complaint.[5]

## CONCLUSION

The motion to dismiss by the UAW is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca<br>
Michael A. Telesca<br>
United States District Judge

DATED:    Rochester, New York<br>
           April 17, 2009

---

[5]Moreover, plaintiff did not even name the UAW as a party in the Complaint and merely listed them in the Summons provided by the Court and had it served on the UAW. <u>See</u> Fed.R.Civ.P. 10(a); <u>see also</u> <u>Barth v. Kaye</u>, F.R.D. 371, 376 (N.D.N.Y.1998) (Rule 10 provides that a complaint shall state the names of all the parties). A plaintiff cannot merely add a party by serving a summons on that party where the complaint contains no allegations of discriminatory conduct by that party. <u>See</u> <u>Castillo v. Comm. NY State Dep't of Corr. Servs</u>, 2008 WL 4501881, at *1 (W.D.N.Y.2008) ("the complaint must recite factual allegations sufficient to raise the right to relief above the speculative level, and conclusory allegations...of the elements will not do") (citing <u>Twombly</u>, 127 S.Ct. at 1964-65).